

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY

www.FBDMLaw.com
SBraverlaw@fbdmlaw.com

**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2021

September 14, 2021

Hon. Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   United States v. Esteban Ochoa
Dkt.:  17 CR 626

Dear Judge Woods:

    I write to the Court on behalf of my client Esteban Ochoa to request early termination of his supervised release pursuant to 18 U.S.C. § 3583(e).

PROCEDURAL BACKGROUND

    On March 30, 2018, the Court sentenced Mr. Ochoa principally to a term of imprisonment of 57 months and a three-year term of supervised release, after a previously entered plea of guilty pursuant to a plea agreement. See Judgment, ECF 19 (attached).

    On October 23, 2019, the Court granted a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Mr. Ochoa's sentence was reduced to a term of imprisonment of 33 months and a three-year term of supervised release, all other conditions of the sentence to remain the same. See Amended Judgment (attached).

    Mr. Ochoa was released from the custody of the B.O.P. on March 12, 2020 to begin his term of supervised release, and so he has served 18 months of supervision to date, all without a negative incident.

1

225 Broadway, Suite 715
New York, New York 10007
Tel (212) 566-6213
Fax (212) 566-8165

505 Eighth Avenue, Suite 300
New York, New York 10018
Tel (212) 967-0352
Fax (201) 596-2724

1086 Teaneck Road
Teaneck, New Jersey 07666
Tel (201) 569-1595
Fax (201) 596-2724

STATUTORY AND CASE LAW BASIS FOR THIS REQUEST

18 U.S.C. § 3583, Inclusion of a term of supervised release after imprisonment, provides in applicable part:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [18 USCS § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)]--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice(.)[1]

Federal Rule of Criminal Procedure Rule 32.1 Revoking or Modifying Probation or Supervised Release provides in applicable part:

> (c) Modification.
>
> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
>
> (2) Exceptions: A hearing is not required if:
>
> (A) the person waives the hearing; or
>
> (B) the relief sought is favorable to the person and does not extend their term of probation or supervised release; and
>
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

In United States v. Sheckley, 1997 U.S. App. LEXIS 32024, the Second Circuit wrote, "We have explained that the determination of early release is a discretionary decision made by the district court. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.' Id."

---

[1] "Interest(s) of justice" is defined as "The proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." This definition dates to the 17th century. Black's Law Dictionary, 11th Edition, Thomson Reuters, 2019.

2

Lussier was also cited in a recent Southern District decision. "The Second Circuit has further explained that early termination of probation may be appropriate 'to account for new or unforeseen circumstances,' like 'exceptionally good behavior by the defendant.' United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)(considering a request in the analogous context of early termination of supervised release." United States v. Kassim, 2020 U.S. Dist. LEXIS 90357*3,4; 2020 WL 2614760, 15 Cr. 554-3, (KPF)(SDNY). The Court in Kassim denied the request for early termination without prejudice and invited the defendant's counsel to submit detailed information about his progress on supervised release, because the specifics of his progress were only generalized on the initial application. Id., *5.

Other District Court Judges have recognized that early termination is appropriate in some cases. For example, in United States v. Trotter, 321 F. Supp. 3d 337 (E.D.N.Y. 2018), 2018 U.S. Dist. LEXIS 111946; 2018 WL 3321426, District Judge Jack B. Weinstein noted that the Eastern District Probation Office recommends early termination where warranted, because the resources of the probation department are limited, and should be focused where needed. Id. at 340.

The Office of Probation and Pretrial Services, Administrative Office of the U.S. Courts, in a 2013 article entitled Early Termination of Supervision: No Compromise to Community Safety, stated "early termination is a practice that holds promise as a positive incentive for persons under supervision and as a measure to contain costs in the judiciary without compromising the mission of public safety."[2]

DISCUSSION

I have attached to this motion a letter from Mr. Ochoa to the Court in support of his motion. Mr. Ochoa states clearly his motivation and determination to never head down the wrong path again and to provide for his family, as well as demonstrate to this Court his ability to succeed lawfully. His list of accomplishments since his release are impressive and exceed the usual unfortunate struggles of most releasees. Mr. Ochoa participated in re-entry programs with the Osbourne Society, obtained job skills and certifications (such as road flagger, site safety, and construction safety endorsements), completed a 90-day drug-treatment program, obtained his high school diploma, and finally obtained his commercial driver's permit with his full license expected in October, 2021. He has remained employed in office janitorial work, humble but honest work, and is able to provide for his family. He remains in a relationship with his fiancée Vanessa from before his incarceration, and now has full-time custody of his 16 year-old son. Finally, through his training courses, Mr. Ochoa seeks to obtain a hazardous material endorsement for his CDL, which is a substantial increase in pay and opportunity.

---

[2] See, https://www.uscourts.gov/federal-probation-journal/2013/09/early-termination-supervision-no-compromise-community-safety

225 Broadway, Suite 715　　　　　　505 Eighth Avenue, Suite 300　　　　　　1086 Teaneck Road
New York, New York 10007　　　　　New York, New York 10018　　　　　　Teaneck, New Jersey 07666
Tel (212) 566-6213　　　　　　　　　Tel (212) 967-0352　　　　　　　　　　Tel (201) 569-1595
Fax (212) 566-8165　　　　　　　　　Fax (201) 596-2724　　　　　　　　　　Fax (201) 596-2724

   The 18 months on supervised release Mr. Ochoa has completed have been without incident, and he has performed well during his release (as he should.) I contacted Vincent Danielo, U.S. Probation Officer for the Eastern District of New York seeking Probation's position on this request. Officer Danielo wrote "I spoke to Mr. Ochoa about this a few days ago and advised him that if a motion was submitted, our office would not object to it. He has been compliant with all the conditions of supervision. He has satisfied the special assessment. He has completed the required one year [of supervision] and he also satisfies our (EDNY) policy governing early termination."

   Mr. Ochoa has shown exceptionally good behavior while under supervision through his dedication and hard work, and demonstrated both his rehabilitation and his commitment to living a law-abiding life. The specific and detailed list of his accomplishments in the workplace are a testament to his motivation and positive attitude.

   CONCLUSION

   Mr. Ochoa is an appropriate candidate for early termination of supervised release, as he meets the criteria and standards in all ways. Therefore, I respectfully request that his supervision be terminated.

            Respectfully submitted,

            *Sam Braverman*
            Samuel M. Braverman, Esq.
            Fasulo Braverman & Di Maggio, LLP
            225 Broadway, Suite 715
            New York, New York 10007
            Tel. 212-566-6213

Encl. Judgment and Commitment Order
    Amended Judgment and Commitment Order
    Letter from Esteban Ochoa and supporting documentation (Exhibit NOT filed on ECF)

Cc: Counsel for the parties (BY ECF)
   USPO Vincent Danielo (BY EMAIL)

---

Application denied. The Court has reviewed the information provided here as well as the materials considered by the Court at the time of Mr. Ochoa's sentencing and resentencing. While Mr. Ochoa's progress, as described here, is worthy of merit, it does not justify early termination of his supervised release. The defendant's application is supported by a number of documents that have not been filed on the public docket. There is inadequate justification for those to be filed under seal. The defendant is directed to file them on the public docket, with limited redactions, if appropriate, no later than September 22, 2021. If he fails to do so, the Court will file them in their entirety. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 27
SO ORDERED.
Dated: September 15, 2021
New York, New York    _____
            GREGORY H. WOODS
            United States District Judge

| 225 Broadway, Suite 715 | e, Suite 300 | 1086 Teaneck Road |
| New York, New York 10007 | New York, New York 10018 | Teaneck, New Jersey 07666 |
| Tel (212) 566-6213 | Tel (212) 967-0352 | Tel (201) 569-1595 |
| Fax (212) 566-8165 | Fax (201) 596-2724 | Fax (201) 596-2724 |

4